USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/9/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL BUXBAUM,

                        Plaintiff,

-against-

COUNTY OF ROCKLAND,

                        Defendant.

No. 25 Civ. 2088 (NSR)
ORDER

---

NELSON S. ROMÁN, United States District Judge:

    *Pro se* Plaintiff Michael Buxbaum ("*pro se* Plaintiff") commenced this action on or about March 10, 2025 by filing the Complaint. (ECF No. 1.) *Pro se* Plaintiff's Complaint raises claims sounding in fraud with a requested relief of nearly $100,000,000 in damages. In its May 15, 2025 Order (the "Order"), the Court outlined *pro se* Plaintiff's history of non-compliance with this Court's orders and instructions. (ECF No. 77.) The Court will not re-hash that history but *pro se* Plaintiff has repeatedly flouted the Court's orders to comply with its Individual Rules of Practice and to seek leave before making applications to the Court. Moreover, the Court noted in its Order that *pro se* Plaintiff's claims appeared legally dubious, factually incomprehensible, and more fitted to harass than to adjudicate an actual case or controversy. As a result, the Order required *pro se* Plaintiff to show in writing on or before June 5, 2025 why this action should not be dismissed for failure to comply with the Court's orders and for engaging in vexatious litigation. On May 22, 2025, *pro se* Plaintiff responded to the Order with an "Opposition to Dismissal" ("Opposition"). (ECF No. 87.) For the following reasons, the instant action is DISMISSED WITH PREJUDICE.

1

In the Opposition, *pro se* Plaintiff provided further factual details related to his claims. *Pro se* Plaintiff brings this action pursuant to "New York State False Claims Act Chapter 56, State Finance Law" and "United States False Claims Act, U.S. Code Title 31, Subtitle III, Chapter 37, Subchapter III § 3729" ("FCA"). (Opposition at 1.) *Pro se* Plaintiff claims that Defendant County of Rockland ("Defendant") issued an audit opinion in collaboration with an independent certified public account that communicated financial information to the New York State government and to the United States government via annual financial statements from 2020-2023, which did not follow "Government Auditing Standards Yellow Book: Government Auditing Standards" ("GASA"). (*Id*. at 2-3.) *Pro se* Plaintiff claims that these "independently audited financial statements" were fraudulent and that Defendant "[spent] such money fraudulently." (*Id*. at 1.) The basis for *pro se* Plaintiff's claim is that the financial statements note that they conducted their audits in accordance with auditing standards that are generally accepted in the United States. But they did not "affirmatively state … that the audit tests performed provided sufficient, appropriate evidence to support opinions on the effective of internal controls and compliance with laws, regulations, contracts, and grant agreements." (*Id*. at 5.) *Pro se* Plaintiff then cites to various provisions of GASA that all state, in sum and substance, that "auditors *should* include either in the same or in separate report(s) a description of the scope of the auditors' testing of internal control over financial reporting and of compliance with provisions of laws, regulations, contracts, and grant agreements. Auditors should also state in the report(s) whether the tests they performed provided sufficient, appropriate evidence to support opinions on the effectiveness of internal control and on compliance with provisions of laws, regulations, contracts, and grant agreements." (*Id*. at 6) (emphasis added). As *pro se* Plaintiff reasons, Defendant's financial statements are, therefore, false for not affirmatively including

2

these disclosures. And as a result, the Court should order payment of either $25,000,000 or $100,000,000 to *pro se* Plaintiff and that Edwin Day (Rockland County Executive), Stephen F. DeGroat (CPA Commissions of Finance & Budget for Rockland County), and Thomas Walsh II (Rockland County District Attorney) be removed from office. (Complaint at 7; Opposition at 1.) For the following reasons, these requests are DENIED.

First, *pro se* Plaintiff fails to make out a *prima facie* FCA case because he fails to identify a false or fraudulent claim. A *prima facie* FCA case requires: (1) that there was a false or fraudulent claim, (2) that Defendant knew it was false or fraudulent, (3) that Defendant presented the claim, or caused it to be presented, to the United States, and (4) that Defendant did so to seek payment from the federal treasury. *See U.S. ex rel. Pervez v. Beth Israel Med. Ctr.*, 736 F. Supp. 2d 804, 811 (S.D.N.Y. 2010). Under the FCA, a "claim" is "'any request or demand ... for money or property' that is presented, directly or indirectly, to the United States." *United States ex rel. Chorches for Bankr. Est. of Fabula v. Am. Med. Response, Inc.*, 865 F.3d 71, 81 (2d Cir. 2017) (quoting 31 U.S.C. § 3729(b)(2)(A)). But here, *pro se* Plaintiff makes no connection in his papers between the annual financial statements and a request or demand of money from the New York State government or the United States government. *Pro se* Plaintiff's Complaint makes mention of a pension plan that is overfunded by the federal government due to the submission of fraudulent financial information.[1] (Complaint at 5.) But there is nothing that ties the purportedly false statements that *pro se* Plaintiff identified—failure to fully comply with GASA—with financial payments from the federal government. (*Id*.) *Pro se* Plaintiff also makes mention of fraudulent payments to Defendant in his Opposition. (*See generally* Opposition at 1.) But *Pro se*

---

[1] The Court also notes that *pro se* Plaintiff fails to identify, or even allege, that any payments were made from state government. (Complaint at 5.) This failure makes *pro se* Plaintiff's state FCA claim deficient on its face.

Plaintiff still fails to identify what payments, if any, were made there. It is both unclear if Defendant ever sought payment as a result of the financial reporting and if this payment was sought from the United States Treasury or New York State's coffers as the statute requires. FCA claims fall under the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *See Gold v. Morrison–Knudsen Co.*, 68 F.3d 1475, 1476–77 (2d Cir. 1995) (holding that "[i]t is self-evident that the FCA is an anti-fraud statute ... claims brought under the FCA fall [also] within the express scope of Rule 9(b).") As a result, *pro se* Plaintiff is required to plead with particularity the circumstances constituting fraud, and an ample factual basis must be supplied. *See id*. *Pro se* plaintiff has failed to proffer any facts that support his allegations of fraudulent payments and only provides a single threadbare assertion in his Complaint and Opposition.

  Second, even if *pro se* Plaintiff had properly alleged a claim, the claims he identified are not false. *Pro se* Plaintiff claims that the financial statements that Defendant submitted to the United States government and the New York state government purported to comply with GASA but did not because they omitted certain affirmative disclosures. But failure to fully comply with GASA does not render the financial reports false. An auditor's statement that the audit was conducted in compliance with GASA is not a "statement of fact" due to the "general and often inherently subjective nature of the standards." *See In re Lehman Bros. Sec. & Erisa Litig.*, 131 F. Supp. 3d 241, 268 n.44 (S.D.N.Y. 2015). Further, the operative word in the various provisions of GASA that *pro se* Plaintiff cites is "should." This language cannot be read to indicate that it is compulsory. *See* Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/should (last visited June 6, 2025) ("should" defined as "to express obligation, propriety, or expediency"). And just because Defendant did not affirmatively state *pro se* Plaintiff's desired language does not mean that they did not, in fact, test internal controls

as GASA recommends. As a result, *pro se* Plaintiff has failed to identify a false or fraudulent claim.

Third, *pro se* Plaintiff has provided no factual basis that Edwin Day (Rockland County Executive), Stephen F. DeGroat (CPA Commissions of Finance & Budget for Rockland County), and Thomas Walsh II (Rockland County District Attorney) can or should be held responsible for any fraudulent statements (assuming there were any). The Court notes that Edwin Day and Stephen DeGroat are included on the cover page of Rockland County's annual financial reports but there is no mention from the report or *pro se* Plaintiff's filings as to how or why Thomas Walsh II as District Attorney should be included in this suit. Moreover, many of the parties whom *pro se* Plaintiff has attempted to seek temporary restraining orders against in this case are parties, or alleged witnesses, of separate actions that *pro se* Plaintiff has filed. *See Buxbaum v. DiNaploi*, 25-CV-3055 (LTS); *Buxbaum v. Town of Clarkstown*, No. 25-CV-1954 (LTS); *Buxbaum v. Hochul*, 25-CV-3026 (LTS); *Buxbaum v. Day*, 25-CV-595 (LTS); *Buxbaum v. Falco*, 25-CV-598 (LTS); *Buxbaum v. Legal Aid Society*, 25-CV-458 (KMK); *Buxbaum v. Town of Clarkstown Police Dept.*, 25-CV-518 (PMH); *Buxbaum v. Walsh III*, 25-CV-689 (LTS); and *Buxbaum v. Wanamaker*, 25-CV-3054 (LTS). In each of these cases, *pro se* Plaintiff seeks vast sums of money in damages, or the removal of individuals from their place of work, or both. *Pro se* Plaintiff's use of the Court system—this case just being one of nearly a hundred examples in this district—smacks of an attempt to harass and intimidate individual parties rather adjudicate an actual case or controversy. This is an endeavor that this Court will not help facilitate.

For the foregoing reasons, *pro se* Plaintiff's action is hereby DISMISSED WITH PREJUDICE. The Clerk of Court is directed to terminate the action. The Clerk of Court is further directed to mail a copy of this Order to *pro se* Plaintiff at his address as it is listed on ECF and to show service on the docket.

Dated: June 9, 2025
       White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge